# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARJORIE S. BOOKMAN,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:08-cv-1986-Orl-28DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNOPPOSED MOTION TO AFFIRM (Doc. No. 18)**
>
> **FILED:**       **September 13, 2001**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On June 8, 2009, the Court granted the Commissioner's motion to remand this matter pursuant to sentence six of 42 U.S.C. § 405(g), for additional proceedings at the administrative level (Doc. No. 16). In the instant motion, the Commissioner represents that those proceedings have concluded, resulting in a fully favorable decision for Plaintiff on her application for disability benefits under the Social Security Act (Doc. No. 19). The Commissioner, with no opposition from Plaintiff, moves to affirm the final decision, pursuant to applicable law. For the following reasons, the motion should be **granted.**

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090-91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Jackson*, 99 F.3d at 1095; *see also Melkonyan v. Sullivan,* 501 U.S. 89, 111 S. Ct. 2157 (1991).

Here, as the final decision of the Commissioner following remand is fully favorable and both sides urge the entry of final judgment for Plaintiff, there is no need for detailed analysis of the decision or in-depth review of modified findings of fact. It is **therefore respectfully recommended**

that the motion be **GRANTED**; the final decision of the Commissioner be **AFFIRMED**; and that the Clerk be directed to enter judgment for Plaintiff accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 15, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy