# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARJORIE S. BOOKMAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-1986-Orl-28DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 23)**
>
> **FILED:** October 11, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. It appears this paper has been mooted by the filing of the same motion at Doc. No. 24.

> **MOTION:** **MOTION FOR ATTORNEYS FEES AND COSTS (Doc. No. 24)**
>
> **FILED:** October 12, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part and DENIED, in part**.

To the extent the Court comprehends the disjointed filings,[1] *pro hac vice* counsel seeks an award of $24,012.00 in attorney's fees, pursuant to the Equal Access to Justice Act, for his representation of Plaintiff in this social security disability benefits case. Upon close review of the papers, it is respectfully recommended that the motion be **granted, in part, and denied**, **in part**, as explained below.

## Background

The instant application for fees follows an uncomplicated history of proceedings in this Court. On November 25, 2008, attorney William S. Neal, Esq., filed a three page complaint against the Commissioner of Social Security, seeking judicial review of the administrative decision of Defendant with respect to Plaintiff's application for benefits (Doc. No. 1).[2] As Mr. Neal was not a member of the bar of this Court, local counsel moved his admission *pro hac vice* (Doc. No. 4). The Court denied the motion as "defective in substance and form" (Doc. No. 5). Upon re-submission (Doc. No. 6), the Court granted the motion (Doc. No. 8). Following service of process, Defendant promptly filed an Unopposed Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. No. 15), noting that the tape recording of Plaintiff's administrative hearing was inaudible, and remand was therefore necessary to conduct a new hearing. The Court granted the motion (Doc. No. 16) and administratively closed the case.

---

[1]For example, the first "motion" filed is unsigned, entitled "Notice of Motion," fails to comply with Local Rule 3.01(g), and was docketed by counsel as a "Motion for Order of Sale" (Docket - entry 23). The second motion is signed, appears to be the same as the first motion, and informs the Court that counsel will move for attorney's fees "On October 31, 2011." (Doc. No. 24). Counsel has also filed an unauthorized Reply to the Commissioner's Response to this motion (Doc. No. 26). This paper is discussed herein.

[2]The Complaint demanded a jury trial and also sought declaratory relief under 28 U.S.C. 2201 and 2202, neither of which are appropriate in this context. As the Commissioner moved to remand the matter shortly after being served with the Complaint, however, the Court was not presented with the issue of whether or not the Complaint, as pled, stated a viable cause of action.

On remand, the agency held another hearing before an Administrative Law Judge, and a fully favorable decision was rendered. Following the issuance of the favorable decision by the Commissioner at the administrative level, Defendant filed an Unopposed Motion to Affirm the Commissioner's Decision Subsequent to Remand and for Entry of Judgment (Doc. No. 18) and the Court ultimately granted same (Doc. Nos. 20-22). The instant motion(s) followed.

As is clear from the foregoing, prior to the motion for fees, the only substantive filing made by Plaintiff in this Court was the Complaint. As the case was immediately remanded on motion of the Commissioner, no administrative record was ever filed and Plaintiff's counsel therefore prepared no brief, engaged in no oral argument or hearings, and filed no motions or papers directed to the merits of the case. It appears from the timesheets filed that counsel attended the administrative hearing on remand. Counsel acknowledges that he has already received $4,969.50 in attorney's fees "as to the administrative side" (Doc. No. 26 at 2).

In the motions, counsel initially sought "a fee for legal services in Court of $11,937" (Doc. No. 24-1), calculated as 34.1 hours at $350.00 per hour. *Id.* The Commissioner objected to the motions (Doc. No. 25), and Plaintiff's counsel has filed an unauthorized reply (Doc. Nos. 26, 27), in which he notes that the fee claim is actually $24,012.00, for 82.8 hours of time at the rate of $290.00. *Id.* It appears that counsel is seeking an award for all work performed at both the administrative and trial levels since the inception of the original application for benefits, including (apparently) work for which he was already compensated for at the administrative level.

**Issues and Analysis**

Pursuant to the Equal Access to Justice Act ("EAJA"), a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely

-3-

filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

As the Supreme Court has noted:

> In EAJA cases, the court first must determine if the applicant is a "prevailing party" by evaluating the degree of success obtained. If the Government then asserts an exception for substantial justification or for circumstances that render an award unjust, the court must make a second finding regarding these additional threshold conditions. As we held in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the "prevailing party" requirement is "a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.' " *Id*., at 433, 103 S.Ct., at 1939. Similarly, once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*. *See id.*, at 433-437, 103 S.Ct., at 1939-1941.

*Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 160-161, 110 S.Ct. 2316, 2320 (1990). The amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. Section 2412(d)(2)(A).

Applied here, although the judgment affirmed the Commissioner's final decision, Defendant does not contest that Plaintiff was the prevailing party, nor does he contend that the position of the government was substantially justified. The Commissioner does object, and rightly so, to the excessive amount of hours sought and the unsupportable hourly rate.

*Amount of Hours is Excessive*

The Court finds the application to be excessive on its face. Counsel presents no authority for his request to be compensated under EAJA for *all* work of *any* kind, performed at *all* levels of this claim, including compensation for representation before the agency *prior* to bringing suit here, and

for which he apparently has already been compensated for. "In a typical case, attorney time consumed by the initial administrative proceedings could not be considered in an EAJA fee award because the proceedings occurred prior to the judicial action and, therefore, do not have the requisite ancillary relationship with the judicial action." *Pollgreen v. Morris*, 911 F.2d 527, 535 (11th Cir. 1990). Note, too, that to the extent counsel has already been compensated for some services (presumably under 42 U.S.C. § 406(b)) the EAJA contains a Savings Provision "intended to prevent attorneys from receiving double recovery under both the EAJA and § 406(b)." *Jackson v. Commissioner of Social Security,* 601 F.3d 1268, 1272 (11th Cir. 2010). While time spent at the administrative level following a sentence six remand can be considered compensable under the EAJA, *Sullivan v. Hudson,* 490 U.S. 877, 892-893, 109 S.Ct. 2248, 2258, 104 L.Ed. 2d 941 (1989),[3] such time is also to be reviewed under the general standards set forth in *Hensley. See Jean, supra*, 496 U.S. 154, 160-161. Thus, to the extent the request includes time spent at the initial administrative level and also does not make allowances for the compensation already rendered, the request should be **denied.** At best, Plaintiff is only entitled to an award under the EAJA for *reasonable* time spent before this Court and for *reasonable* time spent at the administrative level, after remand. Upon review, the Court agrees with the Commissioner that the total hours claimed for this time period is grossly excessive and does not reflect application of any billing judgment, as required by *Hensley.*

With respect to the time spent before this Court, counsel claims 34.1 hours of time in a case with no contested motions, no hearings and no briefing. The Court takes notice that it routinely handles EAJA applications in *contested* social security disability review cases and rarely does a

---

[3] In *Sullivan,* the Supreme Court held: "We conclude that where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the "civil action" for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA." *Id.*

successful plaintiff require over 30 hours of time to prosecute such a claim, which includes a review of the administrative record, preparation of a memorandum of law and an application of EAJA fees. Put simply, 34.1 hours is not reasonable for the minimal work evidenced by the docket.

Upon specific review, the time sheets reflect tasks claimed that are not properly compensable. Counsel claims over 8 hours related to obtaining special permission to appear in this Court. Time related to obtaining *pro hac vice* admission is a non-compensable cost of doing business not chargeable to the federal government. *See Role Models Am., Inc. v. Sec'y of the Army*, 353 F.3d 962, 973 (D.C. Cir. 2004).[4] Moreover, with respect to tasks that are properly compensable, the amount of time claimed is not reasonable. As noted by the Commissioner, counsel claims five hours of time to draft the Complaint and related summons, and *two additional* hours to file it (Doc. No. 24-1 at 1-2). A complaint for review of an unfavorable social security benefits decision is a fairly simple matter and, as noted above, the instant Complaint does not appear to be the result of particular time or attention. Moreover, filing the Complaint is a ministerial task that is routinely accomplished in far less time than the two hours claimed here.

The time sheets also appear to be inaccurate. Plaintiff claims two hours for "preparation and filing" of letter on fee applications on August 16, 2011 (Doc. No. 24-1 at 5). No fee application was filed on that date, however. The time sheets reflect an additional two hours for "preparation, filing and service" of the fee application on October 10, 2011 (Doc. No. 24-1 at 6). The fee application was actually filed, unsigned, on October 11, 2011. The two entries are, at best, duplicative.

Finally, the time sheets with respect to the court case include time spent on familiarizing counsel with procedures relating to social security appeals in federal court. Counsel bills for several

---

[4]While such time might be compensable upon a showing that this counsel had an expertise not otherwise available in this district, there is no such showing here. In fact, the time sheets reflect that counsel's demonstrated lack of experience in this area of law resulted in the expenditure of hours of otherwise unnecessary "learning curve" time.

items such as "phone call to U.S. court , Middle District of Florida, on electronic filing" and "phone call with SSA payment center" on "how to proceed for attorneys' fees." While such time was no doubt necessary for a practitioner without experience in this court or this area of law to handle the case competently, such training time is not properly chargeable to the federal government. On excluding the clerical, duplicative or otherwise excessive time from the 34.1 hours of time claimed for "legal services in court" the Court finds no more than 8 hours are reasonable.

The time spent following remand is also compensable (to the extent it is reasonable) and that time appears to be claimed in the response/reply brief (Doc. No. 26 at 2-5). It appears that counsel is claiming 31.6 hours of time "rendered for the period from court remand to determination in the case." (Doc. No. 26 at 2). Upon review, the Court finds that this amount, too, is excessive. Much of the time claimed relates to telephone calls regarding the scheduling and re-scheduling of the administrative hearing. While a certain amount of contact with the client and the hearing office is compensable, calls and "faxing" messages regarding scheduling is mostly a clerical task, and the Court cannot recommend reimbursement for all of the time claimed.

Moreover, there is no showing that the eight hours of travel time billed prior to the hearing date is recoverable. The administrative hearing was held in Orlando, Florida. While Plaintiff is free to choose an out of state representative, the fact that such a representative needs a full day of travel time in order to attend the hearing is not necessarily taxable to the government under the EAJA. Counsel spent an additional three hours in actual attendance of the hearing and in meeting with Plaintiff to prepare for same. The three hours are recoverable, as is a reasonable amount of time spent in obtaining additional medical records and preparing for the hearing. The Court finds 15 hours in total time following remand to be reasonable.

Of the over 80 hours claimed by Plaintiff's counsel in this application, the Court finds **23** hours to be reasonable under the EAJA.

*The rate charged is excessive*

As noted, the EAJA provides that the rate to be charged "shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. Section 2412(d)(2)(A). Here, although his papers are convoluted, it appears that counsel is claiming two rates: $350 for 'court level' (Doc. No. 26 at 5) and a $290 "EAJA rate." The Court finds neither rate applicable, and recommends a rate of $125.00 per hour.

Initially, the Court notes that counsel has made no showing, as is his burden, of prevailing market rates for the work performed and has not established that his services warrant the rates sought. Absent any evidence as to counsel's experience or qualifications, the Court cannot and does not conclude that counsel's services are properly compensable at $350 or $290 an hour, or that the statutory cap of $125 per hour should be adjusted upwards. As noted by the Commissioner, there is an insufficient showing of any special factor sufficient to justify a higher fee. Addressing this objection in his reply, counsel contends:

> The EAJA rate is determined as follows: The original rate in 1981 was $125. per hour, and must be adjusted for the CPI Consumer Price Index, from the BLS Bureau of Labor Statistics, U.S. Labor Department, Washington D.C. Attached as Exhibits hereto are tables from BLS which show the CPI increase from October 1981 to present as 232%, over the 30-year span. Therefore, EAJA fees must be paid at a higher rate of 232% higher, or $290.

(Doc. No. 26). The Court is unpersuaded by this erroneous contention. In the first instance, "the original rate in 1981" was not $125. The 1996 Amendment to the EAJA (Public Law 104-121)

substituted $125 for the $75 rate the EAJA had previously specified. Moreover, the table attached to the supplemented Reply (Doc. No. 27-1) is not adequately identified or clearly decipherable, and does not support this contention.[5] Finally, the appropriate time period is not from 1981 'to present," as asserted by Plaintiff's counsel, but must be calculated for the appropriate years in which the work was performed. The Commissioner asserts that the Consumer Price Index yields the following hourly rates: for the year 2008=$172.85, for the year 2009=$172.23, for the year 2011= $180.56. This is fairly consistent with adjusted rates recently awarded in this district.[6] Therefore, even if the Court were inclined to find that an increase consistent with the cost of living should be awarded, which it does not find to be the case on these papers, the rates are still well below that sought by counsel. As no adequate reason exists to increase the statutory cap, the Court finds a rate of $125 to be appropriate.

While the Court is within its discretion to deny an award altogether based on this paltry showing, the Court nonetheless finds that an award of $2,875.00 (23 hours at $125 an hour) is warranted under the EAJA. Costs in the amount of $350 for the filing fee are likewise recoverable.

For the reasons set forth above, it is therefore **respectfully recommended** that the motion be granted, in part and the Clerk be directed to enter judgment in favor of Plaintiff in the amount of $2,875.00 in attorney's fees and $350.00 in costs.

---

[5]Even if the figures were adequately set forth, counsel is failing to properly calculate the increase. Using the United States Department of Labor figures provided at http://www.bls.gov for example, the cost of living increase from March 1996 to December 2010 was 40.05%. As explained in *Bromagen v. Commissioner of Social Sec*., 2011 WL 1519940, 1 (M.D. Fla. 2011): "This figure is calculated by dividing the difference between the 2010 rate and the 1996 rate (218.056–155.7 = 62.356) by the 1996 rate (155.7), which results in a cost of living increase from 1996 to 2010 of 40.05%."

[6]*See, e.g. Robinson v. Commissioner of Social Security*, Case No. 6: 09-cv-1288-ORL-18GJK;2011 WL 1480386 (M.D. Fla. April 4, 2011) ($171.13 per hour for 2009 and 2010); and *Somogy v. Astrue,* Case No. 3:08-cv-269-J-TEM, 2011 WL 250575, 3(M.D .Fla. Jan. 25, 2011) ("$171.45 per hour for services in 2008, $170.89 per hour for services in 2009 and $173.76 per hour for legal services given in 2010 represent the upper end of reasonable hourly fees for these years").

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 2, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy